**United States District Court**
For the Northern District of California

1
2
3
4
5                        UNITED STATES DISTRICT COURT
6                       NORTHERN DISTRICT OF CALIFORNIA
7
8                                          )   No. C-05-00240 SC
    NONA KNOX, ALBERT KNOX, MARIA         )
9   TORRES, HELADIO ARELLANES AND MARIA)
    ARELLANES on behalf of themselves     )   ORDER RE: DEFENDANTS'
10  and those similarly situated,         )   MOTION TO DISMISS
                                          )   FIRST AMENDED
11            Plaintiffs,                 )   COMPLAINT AND MOTION
                                          )   TO STRIKE PORTIONS OF
12      v.                                )   FIRST AMENDED
                                          )   COMPLAINT
13  AMERIQUEST MORTGAGE COMPANY, a        )
    Delaware corporation, ARGENT          )
14  MORTGAGE COMPANY, LLC, a Delaware )
    Limited Liability Company, AND DOES)
15  1-100, inclusive,                     )
                                          )
16            Defendants.                 )
                                          )
17
18  **I.   <u>INTRODUCTION</u>**
19
20          Plaintiffs Nona Knox, Albert Knox, Maria Torres, Heladio
21  Arellanes, and Maria Arellanes ("Plaintiffs") brought this action
22  against Defendants Ameriquest Mortgage Company and Argent Mortgage
23  Company, LLC ("Defendants"), alleging that Defendants had engaged
24  in a variety of predatory lending practices in violation of
25  federal and state laws.  Defendants now move for dismissal
26  pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.
27  For the following reasons, the Court GRANTS Defendants' Motion to
28  Dismiss ("Motion") with respect to any claims brought under 15

U.S.C. § 1640(e).  The Court DENIES the Motion with respect to all other claims.  Furthermore, the Court GRANTS Defendants' Motion to Strike Portions of the First Amended Complaint ("Motion to Strike").

**II.  BACKGROUND**

Defendant Ameriquest is a privately held corporation organized under the laws of Delaware with its principal place of business in California.  Ameriquest offers mortgages with a focus on the "subprime" market.  First Amended Complaint ("FAC") at 3.  Ameriquest is a "retail lender" which uses its own employees to market its loans directly to potential and existing customers.  Motion at 3.  Defendant Argent is a limited liability company organized under the laws of Delaware with its principal place of business in California.  Argent is a wholly owned subsidiary of Defendant Ameriquest.  FAC at 3.  Argent is a "wholesale lender" which does not deal directly with borrowers.  Rather, Argent makes its loan product available to third-party mortgage brokers, who in turn market the products to individual borrowers.  Motion at 3.

Plaintiffs allege that Defendants have engaged in a series of predatory lending practices.  Specifically, Plaintiffs allege, "Defendants teach their employees to lure borrowers with promises that their loans will have certain terms and conditions, knowing Defendants have no intent of providing such loans, and then use tricks and high-pressure sales tactics to induce borrowers to sign loan contracts with significantly less favorable terms and conditions."  Opposition at 2.  For example, Plaintiffs allege that Defendants fail to provide required disclosures, fail to

2

leave a true copy of loan documents in borrowers' possession, and provide contracts for borrowers' signatures only in English despite conducting misleading contract discussions in other languages. FAC at 28-33. In addition, Plaintiffs allege that Defendants unlawfully induce borrowers to enter into mortgages in which monthly payments exceed the monthly income or excessive or unfair fees are levied. Id. Plaintiffs also allege that mortgage salespeople and broker forged applicants' data on loan applications. Id.

Plaintiffs Mr. and Ms. Knox signed their loan contract on May 13, 2002. Id. at 29. Plaintiff Ms. Torres signed her loan contract on December 21, 2002. Id. at 31. Plaintiffs Mr. and Ms. Arellanes signed their loan contract on January 15, 2003. Id. at 33. The original complaint was filed January 14, 2005.

The First Amended Complaint states ten causes of action for violations of Federal laws, including the Truth in Lending Act, Federal Reserve Regulation Z, the Fair Housing Act, and the Equal Credit Opportunity Act; California laws, including the Fair Employment and Housing Act, the Unruh Civil Rights Act, the Unfair Competition Act, the False Advertising Act, and the Consumer Legal Remedies Act; and common law negligent training and negligent supervision standards. First Amended Complaint at 33-43.

**III. LEGAL STANDARD**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move for dismissal "for failure to state a claim upon which relief can be granted." When presented with a motion to dismiss, "[a]ll allegations of material fact are taken as true and

3

construed in the light most favorable to the nonmoving party." <u>Jacobellis v. State Farm Fire & Cas. Co.</u>, 120 F.3d 171, 172 (9th Cir. 1997).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see also</u> <u>Gompper v. VISX, Inc.</u>, 298 F.3d 893, 896 (9th Cir. 2002).

**IV.  <u>DISCUSSION</u>**

Defendants have put forth a variety of theories to support the Motion to Dismiss.  The Court will consider each one in turn.

A.  <u>Whether TILA Claims are Time-barred</u>

Plaintiffs bring their First Cause of Action pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*  FAC at 33.  Defendants assert that TILA damage claims are controlled by a one year statute of limitations, and therefore, this claim is time barred since Plaintiffs filed suit approximately two years after the last of the named plaintiffs signed their loan documents.  Motion at 8.  The Court agrees that a one year statute of limitations period controls.  15 U.S.C. § 1640(e).  Plaintiffs acknowledge the one year statute of limitations, but allege that the doctrine of equitable tolling has suspended the limitations period.  Opposition at 6.  With respect to Plaintiffs Torres and Arellanes, Plaintiffs argue that the statute of limitations should be tolled because Defendants carried out extensive loan discussions with Ms. Torres and Mr. and Ms. Arellanes in Spanish but presented loan documents to them only in English, a language

4

which they do not speak.  Opposition at 6-7.  With respect to Plaintiffs Mr. and Ms. Knox, Plaintiffs argue that Defendants' alleged failure to grant the Knoxes an opportunity to read the loan documentation provides a sufficient basis for this Court to toll the statute of limitations.  Id.  Having read the parties' papers and considered the relevant case law, the Court disagrees that the doctrine of equitable tolling applies here.

The doctrine of equitable tolling is only applicable where, "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000).  However, in order to apply the doctrine of equitable tolling, a Court must find that "a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period." Id. at 1178.  Having reviewed the parties' papers, the Court finds little support for such a finding.  For example, Plaintiffs Mr. and Ms. Knox allege that they received a cash disbursement check of only $8,000, not the $20,000 which they expected.  FAC at 30.  Or, Plaintiffs generally allege that Defendants wrongfully induced Plaintiffs to enter into loan contracts in which the monthly payment was greater than the borrower's monthly income. Id. at 1.  The Court finds that such actions are sufficient to put a reasonable person on notice that a potential claim exists.  In any equitable tolling analysis, "[t]he touchstone for determining the commencement of the limitations period is notice: a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." Ernst &

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

<u>Young v. Matsumoto</u>, 14 F.3d 1380, 1386 (9th Cir. 1994) (internal quotations and citations omitted).  The Court finds that the allegations of dramatically smaller cash-out proceeds than expected and dramatically larger monthly payments than expected put plaintiffs on notice.  Therefore, the Court declines to apply the doctrine of equitable tolling on this basis.

Plaintiffs also argue that the doctrine of equitable tolling should apply due to Defendants' "failure to effectively provide the disclosures and notices." FAC at 33.  This appears not to be an assertion of equitable tolling, but of equitable estoppel, also termed fraudulent concealment.  "Equitable estoppel focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit ..." <u>Santa Maria</u>, 202 F.3d at 1176.  However, in order for a Court to estop Defendants from relying on the statute of limitations, there must have been "conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff suing in time." <u>Id.</u> at 1177.  While Defendants' alleged conduct may have prevented Plaintiffs from suing in time, it was not conduct "above and beyond" the underlying wrongdoing.  Rather, a failure to provide Plaintiffs with disclosures and notices to which they were entitled is the crux of the TILA claim itself.  Therefore, the Court declines to apply the doctrine of equitable estoppel.

Plaintiffs Mr. and Ms. Arellanes transacted with Defendants most recently, but their loan documents were finalized approximately two years before the instant suit was filed. Because the Court finds that neither the doctrine of equitable

6

tolling nor the doctrine of equitable estoppel are applicable here, the Court finds that any claims brought pursuant to 15 U.S.C. § 1640 are barred by the one year statute of limitations.

Notwithstanding this Court's finding that the TILA damages claims are precluded by the one year statute of limitations, the Court does not find that all of Plaintiff's TILA claims are precluded. Plaintiffs' First Cause of Action requests "equitable restitution and disgorgement of profits realized by Defendants." FAC at 34. Damages such as disgorgement of profits are governed by § 1640 and are precluded by the one year statute of limitations discussed above. However, TILA also creates a right of rescission and a corresponding remedy of restitution. 15 U.S.C. § 1635(a)-(b). The "obligor shall have the right to rescind the transaction until midnight of the third business day following consummation of the transaction or the delivery of the information and rescission forms required under this section ... whichever is later." Id. This right to rescind must be exercised within a three year period from the date of the transaction. Id. at § 1635(f). The Court finds that Plaintiffs' allegations that Defendants failed to make certain disclosures with respect to an obligor's right of rescission are sufficient to support a claim for rescission under § 1635. Because three years did not elapse between any of the Plaintiffs' transactions and the filing of this lawsuit, the Court finds that any claims brought pursuant to § 1635 are not time-barred.

In light of the above, the Court grants the Motion with respect to Plaintiffs' claim for damages under the Truth in

United States District Court
For the Northern District of California

Lending Act but denies the Motion with respect to Plaintiffs'
claim for rescission.

B.    Appropriateness of UBP Claim as a Class Action

Defendants seek dismissal of Plaintiffs' Unfair Business
Practices Claim to the extent that it is based on fraud or
misrepresentation on the grounds that such a claim is
inappropriate for class action treatment.  Motion at 9.
Defendants state that "fraud claims necessarily raise inherently
individualized questions of fact."  Id.  Plaintiffs counter that
their claim is based on the "likelihood of deception from
Defendants' overall business practices--and not individual acts of
fraud that may or may not have been perpetrated by Defendants or
their agents against any particular Plaintiff or class member--
that is the focus of Plaintiffs' claim for unfair business
practices."  Opposition at 10.  A plaintiff is master of his
complaint and may choose which causes of action to bring from the
relevant possibilities.  Lingle v. Norge Div. of Magic Chef, 486
U.S. 399, 410 (1988).  Therefore, given that Plaintiffs deny that
their claim is based on any individual acts of fraud, the Court at
this time sees no need to rule on the appropriateness of bringing
the unfair business practices claim as a class action.

C.    Whether the Consumer Legal Remedies Act Applies to Mortgages

Plaintiffs' Eighth Cause of Action is brought pursuant to
California's Consumer Legal Remedies Act ("CLRA").  Cal. Civ. Code
§ 1750 et seq.  Defendants allege that the CLRA is not applicable
to the financial transactions at issue here because such
transactions are not "goods" or "services" as defined by the CLRA.

8

United States District Court
For the Northern District of California

Motion at 12.  Defendants rely on the legislative history of the CLRA as well as a California Supreme Court case which stated in dicta that an insurance policy was neither a "good" nor a "service."  Civil Service Employees Ins. Co. v. Superior Court, 584 P.2d 497, 505 (Cal. 1978).  The Court finds this to be an insufficient basis for dismissal of the Plaintiffs' CLRA claim. Rather, the Court has reviewed the limited case law on this issue and finds that California courts generally find financial transactions to be subject to the CLRA.  See Corbett v. Hayward Dodge, Inc., 14 Cal. Rptr. 3d 741 (Cal. Ct. App. 2004) (affirming denial of attorneys' fees in a case where Plaintiff brought several claims, including a CLRA claim, against a car dealer and a bank for allegedly misstating the interest rate on a car loan); Kagan v. Gibraltar Savings and Loan Ass'n, 676 P.2d 1060 (Cal. 1984) (allowing a CLRA class action to go forward with respect to management fees on an Individual Retirement Account).  While neither Corbett nor Kagan specifically looked at the question of whether the respective financial transactions at issue were covered by the CLRA, both cases assumed that they were.  Corbett, 14 Cal. Rptr. 3d at 744-47; Kagan, 676 P.2d at 1061-68. Therefore, because other types of financial transactions involving banking services appear to be covered by the CLRA, the Court finds that the CLRA covers the mortgages at issue in the instant case and denies the Motion with respect to this claim.

D.   Appropriateness of Plaintiffs' Negligence Claims

    Plaintiffs' Ninth and Tenth Causes of Action allege that Defendants engaged in Negligent Training and Negligent Supervision

9

of their employees.  FAC at 41-42.  In the Motion now before the Court, Defendants assert that "California law does not recognize a duty of care between a lender and a borrower sufficient to support a negligence claim, absent active participation in a 'financed enterprise' by the lender."  Motion at 13.  Defendants' theory is an unrepresentative caricature of the relevant case law.  For example, Defendants rely on Nymark v. Heart Fed. Savings & Loan Ass'n, 283 Cal. Rptr. 53 (Cal. Ct. App. 1991).  Nymark held that "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  Id. at 56.  For example, the Nymark court stated, "a lender has no duty to disclose its knowledge that the borrower's intended use of the loan proceeds represents an unsafe investment."  Id.

However, the analysis does not stop there.  Rather, California courts look to six factors in determining whether a financial institution owes a duty of care to a borrower-client. These factors are: "[1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm."  Id. at 58.  In the instant matter, Plaintiffs allege, and this Court must accept as true for purposes of this Motion, that Defendants' employees engaged in activities

10

such as forging borrowers' income and employment data on loan applications.  FAC at 30-32.  This Court finds that the fifth factor alone is enough to establish a duty of care.

Taken to its logical conclusion, Defendants' theory suggests that commercial lenders in California have no duty to train and supervise their employees to prevent illegal employment-related activities by those employees, such as the document forgery alleged here.  This would be an absurd result.  In sum, the Court finds that it would be inappropriate to dismiss the Ninth and Tenth Causes of Action.

E.   <u>Whether Defendant Argent is Potentially Liable</u>

Plaintiffs Heladio Arellanes and Maria Arellanes ("the Arellanes") approached a third-party mortgage broker, Rogelio Mota, to refinance their home.  FAC at 32.  Mr. Mota brokered a new loan for the Arellanes which was issued by Defendant Argent.  <u>Id.</u>  The parties dispute whether a mortgage broker is an agent of the lender.  Defendants, arguing that he is not, state that Plaintiffs have only alleged acts and omissions on the part of Mr. Mota, who is not a defendant, and not on the part of Defendant Argent.  Motion at 17-20.  Therefore, Defendants assert that all claims against Defendant Argent must be dismissed.

In opposition, Plaintiffs make several general allegations to support a theory that Mr. Mota's alleged wrongdoings were undertaken either on behalf of or with the knowledge of Defendant Argent.  For example, Plaintiffs allege that Argent induced Mr. Mota to favor Argent at the expense of the Arellenes.  Opposition at 19.  Or, Plaintiffs allege that "Argent enters into agreements

United States District Court
For the Northern District of California

with mortgage brokers."  Opposition at 20.  Plaintiffs also put forth the theory that Defendant Argent has contracted with mortgage brokers such as Mr. Mota to provide the required statutory notices which the Arellenes claim to have not received. Id.  While certain of these theories of liability depend on Mr. Mota being an agent of Defendant Argent, other theories suggest primary liability.  Allegations of primary liability are enough to defeat the Motion.  Therefore, at this time, the Court declines to decide the issue of whether as a matter of law a third-party mortgage broker is or is not an agent of a mortgage lender.

The Court notes that Plaintiffs' allegations with respect to Defendant Argent lack specificity and, even if taken as true for purposes of this Motion, provide only a minimal level of support for any theory of liability on the part of Defendant Argent. Still, the Court does not find at this time that it is beyond doubt that Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief.  Therefore, the Court denies the Motion with respect to Defendant Argent. However, the Court also cautions Plaintiffs that unless discoverable facts show a deeper relationship between Defendant and Mr. Mota, the issue of Argent's liability may be ripe for summary judgment at a later date.

Defendants have separately filed a Motion to Strike Portions of the First Amended Complaint.  Defendants allege, "The majority of the allegations of Plaintiffs' First Amended Complaint ... bear absolutely no relation to the Plaintiffs' loan transactions or the causes of action raised, but instead needlessly cloud the relevant

12

issues and improperly seek to prejudice Defendants ..."  Motion to Strike at 1.  Generally, a complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  The Court finds that at this stage, much of Plaintiff's First Amended Complaint goes well beyond what is properly included in a complaint.  Therefore, the Court grants Defendants' Motion to Strike with respect to the seven categories of items listed on page 2 of Defendants' Motion to Strike.

**V.   CONCLUSION**

In accordance with the above discussion, the Court hereby GRANTS the Motion to Dismiss solely with respect to any claims brought pursuant to 15 U.S.C. § 1640.  With respect to all other claims, the Court hereby DENIES the Motion to Dismiss. Furthermore, the Court GRANTS Defendants' Motion to Strike Portions of the First Amended Complaint.

IT IS SO ORDERED.

Dated: August  10 , 2005

_____
UNITED STATES DISTRICT JUDGE