

**A CERTIFIED TRUE COPY**

**ATTEST** Janisha Spannue
**FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Case 3:05-cv-00240-SC  Document 49  Filed 01/20/06  Page 1 of 5

**FILED**

DEC 1 4 2005

MICHAEL W. DOBBINS
RELEASED FOR PUBLICATION
CLERK, U.S. DISTRICT COURT

DEC 1 3 2005

DOCKET NO. 1715

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 3 2005

FILED
CLERK'S OFFICE

05 CV 710 JAN 20 2006

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

RICHARD W. WIEKING
NORTHERN U.S. DISTRICT COURT
DISTRICT OF CALIFORNIA

*IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION*

C 3:05-240 SC

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

## *TRANSFER ORDER*

This litigation currently consists of one action each in the Central District of California, Northern District of California, Middle District of Florida, District of Massachusetts and Southern District of New York as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in the Southern District of New York action for coordinated or consolidated pretrial proceedings of these actions in the Central District of California. No plaintiff opposes the motion. Plaintiff in the Central District of California action initially opposed, but now supports, the motion for transfer to that district, along with plaintiffs in a potential tag-along action pending there.[2] Plaintiffs in the Northern District of California action support the motion; if the Panel does not order centralization in the Central District of California, these plaintiffs support transfer to any centrally located district with the resources to handle this litigation. Defendants Ameriquest Mortgage Co., Ameriquest Capital Corp. and Argent Mortgage Co. (collectively Ameriquest) oppose the motion.

On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All five actions before the Panel concern allegedly predatory lending practices by Ameriquest Mortgage Co., or a related entity, in soliciting and closing residential mortgage

---

[1]  Four additional actions are pending two apiece in the Central District of California and Northern District of Illinois, and one related action each is in the Middle District of Florida and District of Minnesota. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2]  Plaintiffs in one Northern District of Illinois related action initially opposed the motion as well, but withdrew their response because moving plaintiffs submitted a pleading expressly stating that they do not seek transfer of that action.

- 2 -

transactions; among other things, plaintiffs allege that Ameriquest failed to disclose material terms and engaged in so-called bait-and-switch tactics. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Ameriquest opposes the motion, in part, because plaintiffs seek redress under different legal theories and purport to represent varying putative classes. We find these contentions unpersuasive. Transfer under Section 1407 does not require a complete identity, or even majority, of common factual issues as a prerequisite to transfer and has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that allows discovery with respect to any individual issues to proceed concurrently with discovery on common issues. *See, e.g., In re Insurance Brokerage Antitrust Litigation*, 360 F.Supp. 2d 1371 (J.P.M.L. 2005). Indeed, the transferee court can employ any number of pretrial techniques, such as establishing separate discovery and/or motion tracks, to manage this litigation efficiently and to ensure that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions.

As suggested by the moving plaintiffs, the Panel initially considered transferring this litigation to the Central District of California; however, the judge assigned to the constituent action pending in that district expressed reluctance in light of her current caseload. The Panel has thus determined that the Northern District of Illinois is an appropriate transferee district for this litigation. Two actions involving the lending practices of Ameriquest are pending in this district. Also, this geographically central district will be a convenient location for a litigation already nationwide in scope.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Marvin E. Aspen for coordinated or consolidated pretrial proceedings in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1715 -- In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation

### Central District of California

*Adolph Peter Kurt Burggraff v. Ameriquest Capital Corp., et al.*, C.A. No. 2:04-9715

### Northern District of California

*Nona Knox, et al. v. Ameriquest Mortgage Co., et al.*, C.A. No. 3:05-240 ⟵ 05 CV 7/00

### Middle District of Florida

*Latonya Williams, et al. v. Ameriquest Mortgage Co.*, C.A. No. 8:05-1036

### District of Massachusetts

*Isabelle M. Murphy, et al. v. Ameriquest Mortgage Co.*, C.A. No. 1:04-12651

### Southern District of New York

*Cheryl Williams, et al. v. Ameriquest Mortgage Co.*, C.A. No. 1:05-6189



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**219 SOUTH DEARBORN STREET**
**CHICAGO, ILLINOIS 60604**

**MICHAEL W. DOBBINS**
**312-435-5698**

December 20, 2005

**RECEIVED**

Richard W. Wieking, Clerk of Court
450 Golden Gate Ave.
Clerk's Office 16th Floor
San Francisco CA 94102

JAN 2 0 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Re: MDL 1715: Ameriquest Mortgage Co., Mortgage Lending Practices Litigation**

**N.D. of Illinois, Eastern Division, Case No.: 1:05cv7100**

**N.D. of California, Case no. 3:05-240 - Nona Knox, et al., vs. Ameriquest Mortgage Co., et al.,** $\leq$ $\subset$

Dear Clerk:

Enclosed is a certified copy of the Conditional Transfer Order from the Judicial Panel on Multidistrict Litigation (MDL Panel) transferring the above-entitled action to the Northern District of Illinois, Eastern Division, where it will be directly assigned to Judge Marvin I. Aspen.

Please forward your court file, a certified copy of the docket sheet and the enclosed copy of this letter to the United States District Court at the above address. Your prompt attention to this matter is greatly appreciated.

Please acknowledge receipt of the record on the enclosed copy of this letter

Sincerely,

Michael W. Dobbins

Clerk

by:     Dorothy M. Keller-Flowers
Docketing Supervisor

Your Case No. _____          Date of receipt _____

Enclosure



**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604



MICHAEL W. DOBBINS
312-435-5698

December 20, 2005

Richard W. Wieking, Clerk of Court
450 Golden Gate Ave.
Clerk's Office 16th Floor
San Francisco  CA 94102

**RECEIVED**

JAN 2 0 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Re: MDL 1715: Ameriquest Mortgage Co., Mortgage Lending Practices Litigation**

**N.D. of Illinois, Eastern Division, Case No.: 1:05cv7100**

**N.D. of California, Case no. 3:05-240 - Nona Knox, et al., vs. Ameriquest Mortgage Co., et al.,**

Dear Clerk:

Enclosed is a certified copy of the Conditional Transfer Order from  the Judicial Panel on Multidistrict Litigation (MDL Panel) transferring the above-entitled action to the Northern District of Illinois, Eastern Division, where it will be directly assigned to Judge Marvin I. Aspen.

Please forward your court file, a certified copy of the docket sheet and the enclosed copy of this letter to the United States District Court at the above address.  Your prompt attention to this matter is greatly appreciated.

Please acknowledge receipt of the record on the enclosed copy of this letter

Sincerely,

Michael W. Dobbins

Clerk

by:    Dorothy M. Keller-Flowers
Docketing Supervisor

Your Case  No. _____

Enclosure

Date of receipt _____